The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESMTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JILL BRADFORD ROSS,<br>Plaintiff,<br><br>v.<br><br>D & T TRUCK TRANSPORTERS, INC.;<br>GRADY L. AYERS; and J. DOES, Defendants. | NO. 2:24-cv-1410<br><br>**ORDER (1) DENYING PLAINTIFF'S MOTION FOR REMAND; AND (2) *SUA SPONTE* ORDERING DEFENDANTS TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE REMANDED ON OTHER GROUNDS** |

This matter comes before the Court on a Motion for Remand filed by Plaintiff Jill Bradford Ross, claiming a deficiency in Defendants' Notice of Removal. Dkt. No. 13. Ross originally filed her complaint in Skagit County Superior Court on July 23, 2024. She served Defendant Grady Ayers with the summons and complaint on July 27, 2024, and Defendant D&T Truck Transporters, Inc. ("D&T") on August 6, 2024. Defendants filed the Notice of Removal on September 5, 2024, under 28 U.S.C. §§ 1332, 1441, and 1446, claiming complete diversity of the parties. Dkt. No. 1.

Plaintiff seeks remand of this case, contending that the Notice of Removal was procedurally deficient because D&T "failed to obtain or otherwise affirmatively demonstrate Ayers' joinder or consent to removal within its own 30-day removal period." Pl.'s Mot. at 1. Under 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join

ORDER DENYING MOTION
TO REMAND
- 1

1   in or consent to the removal of the action." Further, "[i]f defendants are served at different times,
2   and a later-served defendant files a notice of removal, any earlier-served defendant may consent
3   to the removal even though that earlier-served defendant did not previously initiate or consent to
4   removal." 28 U.S.C. § 1446(b)(2)(C). Plaintiff argues that strict compliance with the removal
5   statute is required, and that "Ayers did not submit a signed, written notice of consent to joinder,"
6   nor did the Notice of Removal "affirmatively state that Ayers joined or consented to removal,"
7   and the 30-day period for doing so has run. Pl.'s Mot. at 2.

8         The Notice of Removal, filed by counsel for both D&T and Ayers, states that "*Defendants*,
9   by and through *their* attorneys, . . . remove this action from Clark [*sic*] County Superior Court to
10  the United States District Court for the Western District of Washington at Seattle." Not. of Rem.
11  at 1 (emphasis added). The Notice is captioned "*Defendants'* Notice of Removal." *Id*. (emphasis
12  added). These grammatical cues are sufficient to signify Ayers' consent to the removal,
13  particularly as they were penned by Ayers' own attorneys, and Plaintiff does not cite any authority
14  indicating Defendants must be held to a standard higher than this. In *Prior v. Safeco Insurance*
15  *Company*, for example, remand was appropriate because "[t]he Notice of Removal was not signed
16  by [one of the defendants], and there was no indication therein that it consented to or joined the
17  removal," suggesting that a mere "indication" of consent could have been sufficient. 2023 WL
18  3720649, at *1 (W.D. Wash. May 30, 2023); *see also Christiansen v. W. Branch Cmty. Sch. Dist.*,
19  674 F.3d 927, 933 (8th Cir. 2012) (cited in *Prior*, finding that the procedural defect was cured
20  when the late-removing defendant filed a motion to dismiss endorsing removal within the 30-day
21  period). The Court therefore denies Plaintiff's Motion for Remand.

22        However, the Notice of Removal is deficient in another material respect; it fails to allege
23  the citizenship of either Ross or Ayers. The Notice alleges only that Plaintiff Ross is a "resident"

of Washington, and that Defendant Ayers is a "resident" of Nebraska. Not. of Rem. at 2 (alleging that D&T is a "Nebraska corporation" but stating only that "Plaintiff is a resident of Washington but Defendants are residents of Nebraska."). The diversity jurisdiction statute, 28 U.S.C. § 1332, is based on diversity of *citizenship*, not residency. ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States"). In the Ninth Circuit, "failure to specify Plaintiffs' state citizenship [is] fatal to Defendants' assertion of diversity jurisdiction." *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857–58 (9th Cir. 2001) ("[The diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. . . . A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.").

Accordingly, the Court hereby orders Defendants to show cause why this matter should not be remanded on these grounds. Defendants may do so by filing an amended Notice of Removal, correctly claiming diversity by alleging the citizenship of the parties, and shall do so, if at all, no later than 10 days from the date of this Order. Failure to file a timely and adequate amended Notice of Removal will result in the *sua sponte* remand of this matter to Skagit County Superior Court.

For the foregoing reasons, Plaintiff's Motion to Remand is DENIED. Defendants are Ordered to Show Cause, as set forth above.

DATED this 22nd day of January, 2025.

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER DENYING MOTION
TO REMAND
- 3